IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,            )
                                     )
                 Plaintiff,           )
                                     )
    v.                                )   No.  04 CR 13
                                     )
TWAN STEPHENSON,                      )
                                     )
                 Defendant.           )

### MEMORANDUM ORDER

Twan Stephenson ("Stephenson") has moved to reduce the 120-month sentence that he is currently serving, following his 2005 guilty plea to a crack cocaine offense. Stephenson's motion seeks to take advantage of a retroactive amendment to the Sentencing Guidelines that lowered the base offense levels applicable to crack offenses, an amendment that potentially brings 18 U.S.C. §3582(c)(2)[1] into play.

On September 8 the government responded to Stephenson's motion, admitting that such a reduction is indeed statutorily permissible, but urging that this Court exercise its acknowledged discretion by rejecting the requested reduction. In summary:

> 1. Before the retroactive amendment, the Guideline range had been 140 to 175 months. After considering and reviewing the Section 3553(a) factors during Stephenson's sentencing hearing, this Court imposed a 120-month

---

[1] All further references to Title 18's provisions will simply take the form "Section--."

sentence--in substantial part because of Stephenson's efforts at post-arrest cooperation, which had not eventuated in a government motion for reduction of his sentence under Guideline §5K1.1 (effectively the reduced sentence pronounced by this Court gave Stephenson about half of the reduction that would have been involved if such a government motion had been possible and had been made).

2. Application of the new Guideline offense level (involving a two-level reduction) has reduced the Guideline sentencing range to 120 to 150 months.

If no factors other than the Sentencing Commission's offense level amendment for crack cocaine had altered the sentencing landscape, this Court might well have looked favorably on a ratable reduction in Stephenson's sentence.[2] But Stephenson's conduct in prison has been disturbing, giving rise to some substantial disciplinary measures: United States Mem. 8-9 and the attached exhibits reflect several instances of misconduct, one of which earlier this year--a second drug violation--resulted in a full year's loss of visitation, loss of commissary and loss of phone use.

As chance would have it, the crack cocaine amendment has

---

[2] As United States Mem. 9-10 states, Application Note 3 to the policy statement in Guideline §1B1.10(b)(2)(B) would characterize as perhaps "appropriate" a reduction below the new low end of the Guideline range by one-seventh, producing a new sentence of 103 months.

2

resulted in what had originally been a below-Guideline sentence becoming a within-Guideline sentence at the very bottom of the new Guideline range (120 months). If at the time of sentencing this Court had had Stephenson's now-revealed recent in-prison conduct as part of the available factual matrix,[3] it is satisfied that it would not have given him a below-Guideline sentence. Accordingly the pre-existing 120-month sentence remains consistent with all of the Section 3553(a) factors, and Stephenson's motion for reduction is denied.

                                     *William D. Shadur*
                                     Milton I. Shadur
                                     Senior United States District Judge

Date: September 10, 2009

---

[3] Application Note 1(B)(iii) to Guideline §1B1.10 expressly authorizes this Court to consider Stephenson's post-sentencing conduct in determining both whether a reduction in the term of imprisonment should be granted and the extent of any such reduction.