IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 CR 13 |
| | ) | |
| TWAN STEPHENSON, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

On March 28, 2005 this Court sentenced Twan Stephenson ("Stephenson") to a 120-month custodial term (well below the then-existing Sentencing Guideline range of 140 to 175 months) on a crack cocaine charge. After the Sentencing Commission promulgated a change lowering the Guideline range for crack cocaine offenses a few years later, Stephenson filed a motion for reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2), but this Court denied that motion for reasons explained in its September 20, 2009 memorandum order.

Now Stephenson has sent a very brief letter (copy attached) asking that he "be placed on the list for the retroactive reduction of the Fair Sentencing Act" ("Act," Pub. L. 111-220, 124 Stat. 2372 (2010)), which took effect on August 3, 2010. But in that respect this Court is bound by our Court of Appeals' decision in United States v. Fisher, 635 F.3d 336, which refused to apply the Act retroactively. Moreover, just a week ago an evenly-divided vote by the 10 judges making up our Court of

Appeals resulted in that court's refusal to reconsider the <u>Fisher</u> ruling en banc in <u>United States v. Holcomb</u>, Nos. 11-58, 11-59, 11-1586 and 11-1758, refusing even to join the majority of Circuits that had given the Act partially retroactive scope.

Accordingly, Stephenson's reference to a "list" for retroactive reduction is misguided in terms of the caselaw in this circuit. This Court denies his request.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: August 31, 2011

04CR13

Dear Your Honor

I would like to request to be placed on the list for the retroactive reduction of the Fair Sentencing Act. I would also like to request to be appointed counsel pursuant to 18 U.S.C. 3006A.

Thank you,
Iwan Stephenson